IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darrell Tamar Wright,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:06-cr-00207-TLW<br>C/A No. 4:14-cv-04421-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Darrell Tamar Wright. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to Conspiracy to Possess With Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base, and he was sentenced to 300 months incarceration on June 17, 2009.[1] The PSR reflects that he was sentenced as a career offender under the sentencing guidelines because he had two prior predicate convictions—Failure to Stop for Police Vehicle and Possession With Intent to Distribute Marijuana. He did not file a direct appeal.

On November 5, 2014,[2] Petitioner filed this petition under 28 U.S.C. § 2255, in which he argues that his failure to stop conviction no longer qualifies as a predicate offense under the decisions in *Chambers v. United States*, 555 U.S. 122 (2009) and *United States v. Rivers*, 595

---

[1] On July 7, 2010, the Court reduced his sentence to 204 months pursuant to the Government's Rule 35(b) motion.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

F.3d 558 (4th Cir. 2010), and that he received ineffective assistance of counsel because his counsel did not file a direct appeal despite being told to do so. ECF No. 682.

The Government filed a Motion to Dismiss, asserting that the petition should be dismissed as untimely. ECF No. 696. Petitioner filed a response in opposition, and then filed an additional motion for hearing transcripts and an extension of time to file an additional response. ECF Nos. 697, 703.

This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 motion, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.

§ 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this motion *pro se*. Courts are required to construe liberally pleadings filed by *pro se* litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

### A. Timeliness under AEDPA

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

3

>  retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

### 1.   § 2255(f)(1)

Petitioner's petition is untimely under § 2255(f)(1). His conviction became final over three and one-half years before he filed his petition. Judgment was entered on June 30, 2009, so he had until July 10, 2009 to file a notice of appeal.[3] Because he did not file an appeal, the judgment of conviction in his case became final on July 10, 2009, which is also the date the one-year limitations period began to run.

Thus, under § 2255(f)(1), he had one year—until July 10, 2010—in which to file his petition. However, he did not file his petition until November 5, 2014. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(1).

### 2.   § 2255(f)(2)

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his petition. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(2).

---

[3] At that time, a defendant had 10 days to file a notice of appeal. Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure has since been amended to give a defendant 14 days to file a notice of appeal.

3.     *§ 2255(f)(3)*

Section 2255(f)(3) provides that the statute of limitations is triggered by "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Rivers*, the Fourth Circuit relied on *Chambers* to conclude that a South Carolina conviction for failure to stop for a blue light does not qualify as a violent felony under 18 U.S.C. § 924(e). *Rivers*, 595 F.3d at 560, 565. Because the statute of limitations under § 2255(f)(3) begins when the right is "initially recognized by the Supreme Court," the triggering date was January 13, 2009, the date the Supreme Court issued its decision in *Chambers*. Thus, even assuming, without deciding, that *Chambers* applies retroactively, Petitioner's § 2255 petition was not filed within one year of that date and is therefore untimely under § 2255(f)(3).[4]

4.     *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner does not allege, much less establish, that there are any facts affecting his case that he could not have previously discovered through the exercise of due diligence.

To the extent Petitioner argues that the decisions in *Chambers* and *Rivers* are new "facts" for purposes of § 2255(f)(4), that argument has been conclusively rejected by the Fourth Circuit. *Whiteside v. United States*, ___ F.3d ___, ___, 2014 WL 7245453, at *3–4 (4th Cir. 2014) (en banc). Furthermore, even if that were still a plausible argument, his petition would still not be

---

[4] Petitioner also references the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), but even if that decision applied retroactively (it does not), his petition would still not be timely, as *Descamps* was decided on June 20, 2013, and Petitioner did not file his petition until November 5, 2014, more than one year later.

5

timely because *Chambers* and *Rivers* were decided in 2009 and 2010, respectively, and he did not file his petition until November 5, 2014.

Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(4).

### B.    Equitable Tolling

Petitioner argues that the doctrine of equitable tolling should be applied in his case to excuse his untimeliness.  In support of that position, he cites the panel decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014).  That panel decision has since been vacated, and the Fourth Circuit has now issued its *en banc* opinion, concluding that a change in the law regarding career offender enhancements does not justify tolling the statute of limitations.  *See Whiteside*, ___ F.3d at ___, 2014 WL 7245453, at *4–7.  Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.[5]

## V.    Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 696, is **GRANTED**, and Petitioner's motion for relief pursuant to § 2255, ECF No. 682, is **DENIED**. Additionally, Petitioner's motion for transcripts and an extension of time, ECF No. 703, is **DENIED AS MOOT**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires

---

[5] Because the petition is time-barred under AEDPA, the Court concludes that it is not necessary to resolve any factual dispute of whether or not Petitioner told his counsel to file a direct appeal, which would have otherwise been required under *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007).

that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

February 12, 2015
Columbia, South Carolina